IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-276-D

| | |
|---|---|
| VIOLA B. TOMLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On July 17, 2014, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 33]. In that M&R, Judge Jones recommended that plaintiff's motion for judgment on the pleadings [D.E. 25] be granted, defendant's motion for judgment on the pleadings [D.E. 27] be denied, and defendant's final decision denying the request for benefits be remanded to the Commissioner. Defendant filed objections to the M&R [D.E. 34]. Plaintiff did not respond to the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and defendant's objections. As for those portions of the M&R to which defendant did not object, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence that a reasonable mind "might accept as sufficient to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant objects to Judge Jones's analysis of whether the Commissioner properly considered the opinion of Dr. Kyle C. Harner, a treating physician. The Appeals Council and the ALJ had Dr. Harner's treatment notes, but the ALJ did not mention or assign a weight to Dr. Harner's opinion. See M&R 9–13.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) the length of the treatment relationship and the frequency of

2

Case 5:13-cv-00276-D   Document 35   Filed 08/20/14   Page 2 of 4

examination; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)–(6); see SSR 96-2p, 1996 WL 374188, at *4; Radford v. Colvin, 734 F.3d 288, 295–96 (4th Cir. 2013); Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005); Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision); Hogan v. Colvin, No. 5:13-CV-244-D, 2013 WL 6839643, at *4 (E.D.N.C. Dec. 23, 2013) (unpublished); Regan v. Colvin, No. 7:12-CV-136-D, 2013 WL 5218226, at *4–6 (E.D.N.C. Aug. 20, 2013) (unpublished), M&R adopted, 2013 WL 5242348 (E.D.N.C. Sept. 17, 2013) (unpublished). The ALJ need not discuss all of these factors, but must give good reasons for the weight assigned to a treating source's opinion. See, e.g., 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188, at *5; Hogan, 2013 WL 6839643, at *4; Fitzgerald v. Colvin, No. 2:12-CV-78-D, 2013 WL 6178563, at *4 (E.D.N.C. Nov. 25, 2013) (unpublished) (collecting cases); Ware v. Astrue, No. 5:11-CV-446-D, 2012 WL 6645000, at *2 (E.D.N.C. Dec. 20, 2012) (unpublished).

Judge Jones properly applied the legal standard. The Commissioner, not this court, is to make the initial determination about how much weight to afford the opinion of a treating physician. Although the Appeals Council and the ALJ had Dr. Harner's treatment notes, this court cannot determine the weight that the Commissioner gave to them. Accordingly, the court adopts the M&R [D.E. 33] and overrules the objections. In doing so, the court expresses no opinion on the merits.

In sum, defendant's objections to the M&R [D.E. 34] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 25] is GRANTED, defendant's motion for judgment on the

3

pleadings [D.E. 27] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This 20 day of August 2014.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge